IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| SAMMY L. WILLIAMS, | : |
| : |
| Petitioner, | : |
| VS. | : |
| : NO. 5:21-CV-00199-MTT-MSH |
| PEACH COUNTY LEC, | : |
| : |
| Respondent. | : |
| _____ | : |

### ORDER

*Pro se* Petitioner Sammy L. Williams, an inmate currently confined in the Peach County Jail in Fort Valley, Georgia has filed a federal petition for writ of habeas corpus seeking relief pursuant to 28 U.S.C. § 2241 (ECF No. 1). Petitioner, however, failed to sign his petition in accordance with Federal Rule of Civil Procedure 11(a), which requires "[e]very pleading, written motion, and other paper" to "be signed by . . . a party personally if the party is unrepresented." Accordingly, the Clerk entered a "Notice of Deficiency" on the docket which instructed Petitioner to refile his signed petition with the Court within twenty-one days. The Notice warned Petitioner that the failure to comply with the Notice could result in the dismissal of his case. Notice of Deficiency, June 18, 2021.

The Court later received a copy of the Court's order referring this action to the United States Magistrate Judge, but the Court did not receive a signed copy of Petitioner's Petition. Petitioner was thus warned that the failure to comply with an order of the Court is grounds for dismissal, and Rule 11(a) also provides that the Court "must strike an unsigned paper unless the omission is promptly corrected after being called to . . . the

party's attention." Petitioner was accordingly directed to respond and show cause why his lawsuit should not be dismissed for failure to comply with the Court's previous orders and instructions. Petitioner was further ordered to either pay the Court's $5.00 filing fee or move for leave to proceed *in forma pauperis* if he wished to proceed with this action. Petitioner was given twenty-one (21) days to comply, and he was again warned that the failure to timely and fully comply could result in the dismissal of his Petition.

The time for compliance has passed without a response from Petitioner. Petitioner's failure to fully and timely comply with the Court's orders and instructions is grounds for dismissal of his case. *See* Fed. R. Civ. P. 41; *see also Slack v. McDaniel*, 529 U.S. 473, 489 (2000) (noting that the failure to comply with a court order is grounds for dismissal in a habeas case); Fed. R. Civ. P. 11(a). Petitioner's Petition shall therefore be **DISMISSED without prejudice.**

Petitioner also has no absolute entitlement to appeal this dismissal. Before he may appeal, the district court must first issue a certificate of appealability ("COA"). *See* 28 U.S.C. § 2253(c)(1); 28 U.S.C. § 2254, Rule 11(a); *see also Reedman v. Thomas*, 305 F. App'x 544, 545 (11th Cir. 2008) (per curiam) (granting COA on issue of whether habeas petition was properly dismissed for failure to comply with court order). When, as here, "the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim," a COA will not be issued unless the prisoner can show, at least, "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S.

at 478. Reasonable jurists could not find that a dismissal of the instant action for Petitioner's repeated failure to comply with the Court's orders was debatable or wrong. *See Knox v. Morgan*, 457 F. App'x 777, 779 (10th Cir. 2012) (denying COA where district court dismissed habeas petition without prejudice for failing to comply with court orders). Petitioner is accordingly **DENIED** a COA. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) (per curiam) (approving denial of COA before movant filed a notice of appeal).

**SO ORDERED**, this 10th day of September, 2021.

S/ Marc T. Treadwell
MARC T. TREADWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT